UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


JOHN L. ANDERSON,

        Plaintiff,

v.                           Case No. 3:08-cv-994-J-12MCR

MUHAMMAD AKHTAR, M.D.,
etc.;

        Defendant.

_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, an inmate of the Florida penal system proceeding *pro se* and *in forma pauperis*, initiated this action by filing a Civil Rights Complaint Form (Doc. #1) (hereinafter Complaint) pursuant to 42 U.S.C. § 1983. On the civil rights complaint form, Section IV.D. states the following: "Have you initiated other actions (other than those listed in (A) or (B)) in state or federal court relating to the fact or manner of your imprisonment or the conditions of your imprisonment? There are parenthetical areas to mark either yes or no. Plaintiff marked no on his complaint. At the end of the civil rights complaint form, Plaintiff signed his name after the following statement on the form: "I declare under penalty of perjury that the foregoing statements of fact, including all continuation pages, are true and correct."

The Court takes judicial notice of Plaintiff's previous filings in the federal courts:  Case No. 6:90-cv-219-PCF (United States District Court for the Middle District of Florida, Orlando Division); Case No. 3:93-cv-550-JHM (United States District Court for the Middle District of Florida, Jacksonville Division); Case No. 3:93-cv-870-J-HES (United States District Court for the Middle District of Florida, Jacksonville Division); and, Case No. 2:94-cv-14089-KMM (United States District Court for the Southern District of Florida, Fort Pierce Division).  Further, Plaintiff failed to completely provide the information requested on the form specifically set forth in Section IV.E.  The sophistication of Plaintiff's substantive arguments and his knowledge of the procedural rules convince this Court that Plaintiff understands the requirements of fully informing the Court regarding previous filings, the facts and claims of the previous lawsuits, and the specific reasons for dismissal.

This Court has the authority to monitor and manage matters such as this pending before it.  This Court firmly believes that Plaintiff must conform to acceptable standards in approaching this Court.  This Court will not tolerate incomplete or false responses and/or statements in any pleading or motion filed for consideration by the Court.  If the Court cannot rely on the statements and/or responses made, it threatens the quality of justice.  Here, Plaintiff has improperly responded to Question D. in Section IV.

- 2 -

and incompletely responded to Question E. in Section IV., entitled
"Previous Lawsuits."

The President of the United States, on April 26, 1996, signed
into law several amendments significantly affecting prison
litigation. These amendments are entitled the Prison Litigation
Reform Act of 1995. Specifically, prisoners proceeding *in forma
pauperis* are prohibited from bringing a civil action or appeal if
the prisoner has, on three or more prior occasions, while
incarcerated, brought an action or appeal in a federal court that
was dismissed on the grounds that it was frivolous, malicious, or
failed to state a claim upon which relief may be granted, unless
the prisoner is under imminent danger of serious physical injury.
See Prison Litigation Reform Act of 1995, Section 804; 28 U.S.C. §
1915(g)[1]. For these reasons, it is imperative that Plaintiff
comply with the instructions of the civil rights complaint form.

Therefore, this case will be dismissed for Plaintiff's abuse
of the judicial process in not providing the Court with true
factual statements and/or responses that can be relied on to bring
his case to an expeditious closure. If Plaintiff chooses to

---

[1] This section is commonly referred to as the "three strikes"
provision. See Rivera v. Allin, 144 F.3d 719 (11th Cir. 1998). In
Rivera, the court found that the dismissal of one of the
plaintiff's previous lawsuits as an abuse of the judicial process
(for lying under penalty of perjury about the existence of a prior
lawsuit) should count as one of the three strikes under this
provision because "dismissal for abuse of the judicial process is
precisely the type of strike that Congress envisioned when drafting
section 1915(g)." Rivera v. Allin, 144 F.3d at 731.

refile, he must follow the dictates of this Order by notifying the Court of the above-listed previously-filed cases (and this case now before the Court) by complying with Section IV.C. of the revised civil rights complaint form and by fully and properly answering the question in Section IV.D. of the revised civil rights complaint form.[2]   Finally, he must sign and date page ten of the Complaint form after the statement: "I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT."

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.   This case is hereby dismissed **without prejudice.**

2.   The Clerk of the Court shall enter judgment dismissing this case without prejudice.

3.   The Clerk of Court shall send a civil rights complaint form and an Affidavit of Indigency form to Plaintiff.  In refiling, Plaintiff shall *either* file a fully completed Affidavit of Indigency with an attached printout of the transactions in his prison account for the six-month period preceding the filing of his complaint (if Plaintiff desires to proceed as a pauper) **or** pay the

---

[2] Section IV.D. of the revised civil rights complaint form states: "Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted?  If so, identify these suits below by providing the case number, the style, and the disposition of each case."  <u>See</u> Revised Civil Rights Complaint Form at 5.

- 4 -

$350.00 filing fee (if Plaintiff does not desire to proceed as a pauper). Plaintiff should not place this case number on the forms. The Clerk will assign a separate case number if Plaintiff elects to refile his claims.

　　4.   The Clerk of the Court shall close this case.

　　**DONE AND ORDERED** at Jacksonville, Florida, this 28th day of October , 2008.

Howell W. Melton
UNITED STATES DISTRICT JUDGE

sc 10/27
c:
John L. Anderson

- 5 -